UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| United States of America | ) | Case No. CV-15-2872-CAS |
|---|---|---|
|  | ) | Case No. CR-14-101-CAS |
|  | ) |  |
| Plaintiff/Respondent, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
|  | ) |  |
| Oscar Moya, | ) |  |
|  | ) |  |
|  | ) |  |
| Defendant/Petitioner. | ) |  |

## I.   INTRODUCTION & BACKGROUND

On January 22, 2014, petitioner Oscar Moya ("Moya") was charged with being an illegal alien in the United States following deportation or removal, in violation of 8 U.S.C. § 1326(a). Dkt. No. 1.[1] On February 19, 2014, a binding plea agreement was filed, Dkt. No. 11, and Moya entered a guilty plea before this Court on March 13, 2014, Dkt. No. 18.  In the plea agreement, Moya admitted that he had previously been deported on August 12, 2009, and July 4, 2011, but voluntarily and knowingly re-entered and

---

[1] All "Dkt. No." references refer to docket entries in the underlying criminal case, CR-14-101-CAS.

remained in the United States unlawfully, where he was found on December 19, 2013, by immigration authorities. Dkt. No. 11 (Plea Agreement) ¶ 10. Moya had also been convicted for Second Degree Robbery in 2005, for which he was sentenced to 270 days' imprisonment and, following a probation revocation on May 30, 2007, two years' imprisonment. Id.

On May 12, 2014, the United States Probation Office released a Presentence Investigation Report ("PSR"), in which Moya's total offense level was calculated as 21 and criminal history category as V, resulting in an advisory Guidelines range of 70 to 87 months' imprisonment. Dkt. No. 20 ¶¶ 24, 49, 105. The PSR noted, however, that the four-level early disposition program departure contemplated by the plea agreement would result in a Guidelines range of 46 to 57 months' imprisonment. Id. ¶ 106. On June 23, 2014, the Court sentenced Moya to 46 months' imprisonment, to be followed by a three-year period of supervised release, in accordance with the binding plea agreement. Dkt. No. 25.

On April 17, 2015, Moya filed the instant petition for a sentence reduction pursuant to 28 U.S.C. § 2255. Dkt. No. 38. The government filed an opposition on May 14, 2015. Dkt. No. 42. An optional reply brief was due on June 22, 2015, but Moya failed to file one. Dkt. No. 40. After considering the parties' arguments, the Court finds and concludes as follows.

## II.  DISCUSSION

Through his petition, Moya seeks to reduce the sentence imposed on him for being an illegal alien found in the United States following deportation or removal. Moya first appears to contend that his sentence should be reduced because "the United States Attorney General can offer up to two points downward departure if the defendant accepts a final deportation order." Pet. at 1. Moya also appears to argue that, due to his status as an alien facing deportation, he is not entitled to the same privileges as United States citizens, specifically the ability to be housed in a minimum security facility or

community Correctional Center, and as a result received a harsher sentence than a citizen would have, violating the Fourteenth Amendment's Equal Protection Clause.  Pet. at 1-2.  For the following reasons, the Court concludes that Moya is not entitled to the relief he seeks.

**A.     Moya's Claim is Not Cognizable Under § 2255.**

Moya styles his petition as one under 28 U.S.C. § 2255.  Under § 2255, a prisoner in custody may move "to vacate, set aside or correct [a] sentence" that "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose . . . or that . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

First, to the extent Moya argues that he may be eligible for a sentence reduction upon future acceptance of a final order of deportation, that is not an argument that there was anything unlawful about his sentence or that an error was made in calculating his Sentencing Guidelines range.  Since there is no challenge to the legality of the sentence or this Court's jurisdiction to impose it, this argument is not cognizable under § 2255.

Next, Moya appears to argue that his sentence violates the Equal Protection Clause of the Fourteenth Amendment.  Pet. at 2.  Although this argument does invoke the Constitution, Moya's claim centers on the fact that he cannot be housed in a minimum security facility or community Correctional Center.  Id. at 1.  "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."  Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (citing Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990), and Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980)).  Moya's claim, which implicates the location and condition of his sentence, appears to involve the execution, rather than the legality, of his sentence; therefore, it is cognizable, if at all, under § 2241, rather than § 2255.  Id.  Moreover, a § 2241 motion

would have to be brought in the United States District Court for the Eastern District of California, rather than this Court, because Moya is currently housed in a penitentiary in Merced County, California.  See Opp'n Ex. A (Moya's Bureau of Prisons inmate registration).  Since Moya's request is not cognizable under § 2255 or in this Court, it must be dismissed.

### B.  Moya's Claim Fails on the Merits

The government argues that, even if construed as cognizable under 28 U.S.C. § 2255, Moya's petition would not entitle him to relief.  The Court agrees.

Moya argues that he is entitled to a two-level downward departure based on his status as an alien facing deportation.  But the Ninth Circuit has held that "the possibility of deportation is not a proper ground for departure" since the seriousness of a defendant's crime and a defendant's history does not change simply because he may be deported.  United States v. Alvarez-Cardenas, 902 F.2d 734, 737 (9th Cir. 1990).  Moreover, with regard to persons (such as Moya) convicted of violating 8 U.S.C. § 1326 and sentenced under U.S.S.G. § 2L1.2, "because deportable alien status is an inherent element of the crimes to which the guideline applies, this factor was clearly 'taken into consideration by the Sentencing Commission in formulating the guideline . . . and was accounted for in the offense levels it established."  United States v. Martinez-Ramos, 184 F.3d 1055, 1058 (9th Cir. 1999) (quoting United States v. Gonzalez-Portillo, 121 F.3d 1122, 1124-25 (7th Cir. 1997)); see also United States v. Ebolum, 72 F.3d 35, 38 (6th Cir. 1995) (holding that defendant found in the United States in violation of § 1326 was not entitled to a sentence reduction because that crime "can be committed only by deportable aliens").  Therefore, Moya's claim fails on the merits because his status as an alien facing deportation is not a ground for reducing his sentence.

Furthermore, the government correctly notes that Moya affirmatively agreed in taking his plea that he was not entitled to any departures beyond those stipulated to in the plea agreement.  Opp'n at 8; Plea Agreement ¶ 15.  Specifically, Moya agreed that he

would "not seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, departures, or variances in sentence . . . be imposed, or that the court impose a sentence other than what has been stipulated to by the parties herein." Plea Agreement ¶ 15. The plea agreement already contemplated a four-level early disposition program departure and, as discussed above, Moya is not entitled to any additional departure.

    Moya also appears to argue that the detainer exclusion, which makes Moya ineligible for housing in a minimum security facility or community Correctional Center because of his deportation status, violates the Equal Protection Clause. Pet. at 1-2. But the Ninth Circuit has held that prisoners with immigration detainers do not constitute a suspect class, so that "the detainer exclusion is valid so long as it survives the rational basis test, which accords a strong presumption of validity." McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999). That court also concluded that "[e]xcluding prisoners with detainers from participating in the community-based treatment [programs] is a reasonable means for eliminating" the "flight risk" posed by "prisoners with detainers" during the community-based treatment phase. Id. Accordingly, the Ninth Circuit has held that the detainer exclusion of which Moya complains "survives rational basis review." Id. Following this binding precedent, Moya's equal protection claim fails.[2]

///
///
///
///

---

[2]Because the Court finds that Moya's petition must be dismissed for the multiple reasons stated above, the Court does not discuss the government's argument that the petition is procedurally barred because Moya failed to raise on direct appeal the arguments he now advances in his petition.

### III. CONCLUSION

In accordance with the foregoing, the Court **DENIES** the petition for resentencing.

IT IS SO ORDERED.

Dated: July 15, 2015

*Christina A. Snyder*
CHRISTINA A. SNYDER
United States District Judge